```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                        :
MARIO TORO,                             :
                        Petitioner,     :
                                        :   09 Civ. 3121 (DLC)
            -v-                         :
                                        :   OPINION & ORDER
UNITED STATES OF AMERICA,               :
                        Respondent.     :
                                        :
----------------------------------------X
```

Appearances:

Pro Se Petitioner:

Mario Toro
PIN #50854-054
NEOCC
2240 Hubbard Road
Youngstown, OH 44505

For Respondent:

Michelle Parikh
Assistant United States Attorney
U.S. Attorney's Office for the
Southern District of New York
One St. Andrew's Plaza
New York, NY 10007


DENISE COTE, District Judge:

Pro se prisoner Mario Toro ("Toro") petitions for a writ of habeas corpus to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on the ground that his attorneys provided ineffective assistance of counsel to him at various stages of his prosecution.  For the following reasons, the petition is denied.

BACKGROUND

Toro was arrested on drug charges on August 21, 2001. Toro provided some initial assistance to the Government, but after two proffer sessions was advised that the Government would not enter into a cooperation agreement with him. Toro fled to Canada and then to Colombia, from which he was extradited. Toro was arraigned on February 6, 2003.

On March 7, 2003, Toro entered a plea of guilty to Count One of the Indictment, which charged him with participating in a conspiracy to distribute drugs. He was advised that he faced a ten-year mandatory minimum term of imprisonment. The Government's Pimentel letter calculated his sentencing guidelines range as 292 to 365 months' imprisonment, and Toro was specifically advised of that fact during the plea allocution. The Court explained the safety valve provision of the law to Toro as well. At the allocution, Toro asserted that he was satisfied with his attorney.

The Presentence Report ("PSR") calculated Toro's guidelines range as 235 to 293 months' imprisonment. Defense counsel objected that the PSR contained several errors. He argued, inter alia, that Toro should receive adjustments for his extraordinary acceptance of responsibility and his minor role in the offense. He also argued that the drug quantity should be calculated as ten kilograms, rather than sixty kilograms, and

that a downward departure was warranted based on aberrant behavior.  Toro also submitted his own letter in support of a reduced sentence.

A Fatico hearing was held on August 28, November 3, and November 5, 2003.  Toro and his mother testified on his behalf.  The Government called witnesses as well.  The Court made findings at the conclusion of the hearing, including finding that Toro had committed perjury during the Fatico hearing.  The Court also ruled that there was no basis for a minor role adjustment, and that Toro was not entitled to any credit for acceptance of responsibility in light of his flight, his lies to the Government during his proffer sessions, and his perjury during the Fatico hearing.  It rejected any departure based on aberrant conduct.

In advance of sentencing, defense counsel and the Government made extensive submissions.  At the March 5, 2004 sentencing, the Court imposed a sentence that consisted principally of 168 months' imprisonment.  In doing so, the Court rejected the Government's position that Toro should be held accountable for the 50 kilograms of cocaine that he discussed in February 2001, and that he should receive a role enhancement.  The Court imposed separate obstruction of justice enhancements of two levels for absconding while on bail and one level for perjury during the Fatico hearing.

Toro appealed.  On March 2, 2005, the Court of Appeals summarily affirmed the Court's guidelines calculations, but remanded the case to determine whether resentencing was required pursuant to United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).  The Court of Appeals declined to reach Toro's ineffective assistance of counsel claim.

After this Court rejected Toro's request to be resentenced, Toro appealed again.  On March 3, 2006, Toro's attorney moved to be relieved as counsel and filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967).  The Government moved for summary affirmance.  On June 26, 2006, the Court of Appeals granted defense counsel's motion to withdraw, but denied the Government's motion for summary affirmance.  The Court of Appeals directed that new counsel be appointed to represent Toro during his second appeal and ordered additional briefing.  On February 29, 2008, the Court of Appeals affirmed the judgment.  It again declined, however, to consider Toro's ineffective assistance of counsel claim.

On February 24, 2009, Toro filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255.  The Government filed a response on November 13, 2009.  Toro filed a reply to the Government's submission on January 6, 2009.

4

DISCUSSION

Toro contends that his attorneys provided ineffective assistance of counsel in connection with his plea, sentence, the Crosby proceedings on remand, and during his second appeal.  The Supreme Court has defined a two-part test for evaluating ineffective-assistance claims.  See Strickland v. Washington, 466 U.S. 668, 687 (1984); accord Palacios v. Burge, 589 F.3d 556, 561 (2d Cir. 2009).  First, "the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."  Strickland, 466 U.S. at 687.  Second, "the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id.  While a petitioner must prove both incompetence and prejudice, "there is no reason for a court deciding an ineffective assistance claim to . . . address both components of the inquiry if the defendant makes an insufficient showing on one."  Id. at 697.

The Strickland standard is a high bar for Toro.  A constitutional claim does not arise unless a lawyer's error is so egregious as to amount to a failure to provide even minimal professional representation.  See, e.g., Lynn v. Bliden, 443

5

F.3d 238, 247 (2d Cir. 2006); Lindstadt v. Keane, 239 F.3d 191, 198-199 (2d Cir. 2001).  The burden of proving prejudice is equally stringent in that petitioner must show a "reasonable probability" that, but for the counsel's errors, the result of the proceeding would have been different.  Strickland, 466 U.S. at 693.

1.  Entry of Plea of Guilty

Toro contends that his attorney did not fully explain to him the consequences of entering a plea of guilty prior to the time that he entered his plea, and misled him as to the "potential punishment he was facing."  Toro asserts that he received no benefits from pleading guilty since the Court ultimately accepted all of the Government's sentencing arguments and rejected all of his.[1]  Toro speculates that he would have received a much lower sentence if he had proceeded to trial.

At the plea allocution, the Court advised Toro of all of the relevant sentencing parameters, including the mandatory

---

[1] Toro appears to argue in his petition that his counsel failed to insist that the Government abide by the terms of its plea agreement with him, or alternatively, failed to obtain a "binding statutory" plea agreement for him pursuant to Fed. R. Crim. P. 11(e)(1).  In his reply submission, Toro clarifies that he is asserting that he received essentially no benefit from entering a plea of guilty.  It is undisputed that Toro's plea of guilty was entered without the benefit of any plea agreement with the Government.

minimum sentence and the maximum sentence that could be imposed. The Court confirmed that Toro had been advised of the guidelines calculation in the Government's Pimentel letter.  Toro, who had been placed under oath, confirmed that he understood each of these facts, and also confirmed that he had discussed the consequences of pleading guilty with his attorney.  There is no basis to find, therefore, that defense counsel failed to advise Toro adequately about the consequences to him of entering a plea of guilty.  As for Toro's assertion that he received no benefits from entering a plea of guilty, suffice it to say that the sentence imposed upon him was significantly below the guidelines range set out in either the Government's Pimentel letter or in the PSR.

2.   Fatico Hearing and Sentencing

Toro contends that his attorneys failed to request a downward departure based on his assistance to the Government and his minor role in the offense, or to seek a reduced sentence based on aberrant conduct.  Toro also asserts that his counsel failed to object to the Court's finding that Toro committed perjury at the Fatico hearing.  Finally, Toro asserts that he was eligible for the safety valve adjustment even though he had committed perjury.

7

Contrary to Toro's assertions, his attorney did argue for a reduced sentence based on Toro's cooperation with the Government.  In a letter submitted prior to sentencing, Toro's attorney sought a downward departure on based on Toro's attempts to cooperate at the time of arrest by placing a telephone call to his co-defendant.  Further, Toro's attorney contended that the conversations between Toro and the law enforcement agents had created a binding agreement that entitled Toro to credit for his cooperation.  At the conclusion of the Fatico hearing, the Court found that Toro had placed a telephone call to a co-conspirator that made it easier for agents to arrest the man.

In a presentencing letter submitted to the Court, defense counsel also advocated for a minor role adjustment and a reduced sentence based on aberrant conduct.  At the conclusion of the Fatico hearing, the Court found that neither of these requests was appropriate.  After the Fatico hearing, Toro's attorney continued to argue against the two-level increase sought by the Government based on Toro's alleged leadership role in the conspiracy.  At sentencing, the Court found that no adjustment for role was warranted.

With respect to the one-level upward adjustment based on Toro's perjury at the Fatico hearing, Toro's attorney argued against any such enhancement at sentencing given that Toro had already lost his acceptance of responsibility adjustment and had

8

received an enhancement for fleeing the country to evade prosecution.  Counsel cannot be found ineffective for failing to make an argument that he did in fact make.

Finally, Toro was not eligible for the safety valve adjustment since that adjustment requires, <u>inter alia</u>, that the defendant "truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan."  18 U.S.C. § 3553(f)(5).  Toro had lied to the Government during his proffer sessions with them, and does not assert that on any separate occasion he truthfully provided to the Government the information that he had about the offense of conviction.  There was, therefore, no basis for his attorney to advocate an adjustment based on the safety valve provision of the law.

3. <u>Crosby</u> Remand

Toro argues that his counsel should have argued for a reduced sentence following the March 2005 remand based on his post-arrest cooperation with the Government and the harsh conditions in the Colombian prison in which he was confined pending extradition.  In addition, Toro asserts that his attorney should have pointed out that the Court had not given Toro notice prior to imposing sentence that it would be

9

departing upward based of the defendant's perjury.[2]  None of these arguments has any merit.

In a detailed and well-written letter, defense counsel made four arguments for a reduced sentence on remand.  The letter focused on Toro's personal circumstances and did not revisit issues already addressed at length during the prior sentencing proceedings, including Toro's post-arrest cooperation.  Although the letter did not discuss the harsh conditions Toro endured in Colombia while awaiting extradition, Toro's attorney had already made the Court aware of such harsh conditions in his presentence submissions.  Counsel's tactical judgment in not raising these issues again in connection with the Crosby remand cannot be faulted.

Furthermore, there is no basis to find that counsel should have complained about Toro's lack of notice before sentence of the obstruction of justice enhancement based on his perjury.  In advance of the Fatico hearing, the Court advised Toro that he risked a possible upward departure for obstruction of justice if he perjured himself.  After the Fatico hearing and in advance of

---

[2] Toro also argues that his attorney should have argued for a non-guidelines sentence based on the fact that the obstruction of justice enhancement was not charged in the indictment and was not admitted by the defendant.  There is no requirement that sentencing guidelines adjustments be charged in an indictment.  It was undisputed that the defendant fled prosecution and the perjury enhancement was based on the record developed at the Fatico hearing.  Thus, there is no basis to find that Toro's defense counsel overlooked any error of law.

sentencing, the Government argued for an upward departure based on Toro's perjury. Toro was thus adequately advised of the potential enhancement and it was not error for his attorney to fail to raise this issue.

4. Second Appeal

Finally, Toro argues that he received ineffective assistance of appellate counsel in connection with his second appeal because his appellate counsel filed a motion to be relieved accompanied by an Anders brief. Toro suggests that his attorney failed to give him adequate notice that he intended to file an Anders brief, or provide him with an opportunity to review the Anders brief. These allegations, however, are belied by the fact that Toro timely filed a pro se brief in opposition to defense counsel's Anders brief on June 15, 2006. Furthermore, after granting defense counsel's motion to withdraw, the Court of Appeals appointed new counsel to represent Toro in his second appeal. Toro does not contend that this appointed counsel was ineffective during his second appeal. As such, Toro's argument in this regard also fails.

## CONCLUSION

Toro's February 24, 2009 petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 is denied. In addition, the Court declines to issue a certificate of appealability. Toro has not made a substantial showing of a denial of a federal right pursuant to 28 U.S.C. § 2253(c), and appellate review is therefore not warranted. Love v. McCray, 413 F.3d 192, 195 (2d Cir. 2005). The Court also finds pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 445 (1962). The Clerk of Court shall close the case.

SO ORDERED:

Dated:   New York, New York
         February 8, 2010

_____
DENISE COTE
United States District Judge